## Parker Estate

*Butler, Beatty, Greer & Johnson* and *Norris, Lex, Hart & Ross,* for accountants.

*George H. Class* and *William H. Seyfert,* for life tenant.

VAN RODEN, P. J., August 25, 1958.—The first account of the trustees of this trust estate has been

confronted by objections filed on behalf of Alvin Mercer Parker, principal life tenant and minority trustee. The objections relate to the allocation to principal of all stock dividends, stock rights and gains on sales of stock and rights.

By stipulation of counsel filed of record, the parties have agreed as to all pertinent facts.

Decedent died November 30, 1951. By his will, he devised and bequeathed his residuary estate in trust for the payment out of income of the sum of $2,500 per annum unto his cousins, Lucie Louden McCarter, Alvin Parker McCarter and Elizabeth Patton McCarter, or unto their survivors or survivor, share and share alike, with the balance of net income to be paid unto decedent's brother, Alvin Mercer Parker, for his lifetime, and on his death to the aforementioned cousins then living and their survivors or survivor, share and share alike. The trust is to terminate upon the death of the last survivor of said three cousins and said brother, at which time certain specific pecuniary legacies are to be paid and any remaining balance of principal is to be paid unto decedent's next of kin then living, in accordance with the Pennsylvania intestate law then in force, all as more fully set forth in said will.

Under paragraph seventeenth (5) of decedent's will, the trustees are authorized: "To determine, for the purpose of this Will or any trusts hereunder, whether cash dividends, extraordinary as well as current, stock dividends, proceeds of sales of rights to subscribe for stock issued with respect to any stock that may at any time be held by my executors or trustees, as the case may be, and/or any other money or property coming into their possession, shall be treated as principal or income or apportioned between the two, and to charge expenses and losses to principal or to income or apportion expenses and losses between principal and income,

any such apportionment to be in such proportions from time to time as shall in their sole judgment seem just and equitable to my executors and trustees,and by such decisions in every such case absolutely to bind all the beneficiaries hereunder."

At a meeting of the four trustees held shortly after the inception of the trust, it was determined by a three to one vote that in exercise of the discretion given the trusts by said paragraph seventeenth (5) of decedent's will, all stock dividends and rights, and all profits from the sale of stocks held in the trust, would be allocated to principal. The dissenting vote was cast by Alvin Mercer Parker, principal income beneficiary and cotrustee.

It appears that decedent was survived by neither spouse nor issue nor ancestors, nor was he survived by any brothers or sisters other than said Alvin M. Parker who is now 70 years of age and has no living issue. Decedent had no surviving uncles or aunts but was survived by four first cousins, who vary in age from 74 years to 84 years. The four income beneficiaries of the trust, all of whom are still alive, vary in age from 70 years to 79 years. By appropriate computations, it has been disclosed that the sum of $8,409.29 can be transferred from principal to income without impairing the intact value of the trust principal. The aggregate amount of stock dividends and rights and profits from sale of stock and rights is in excess thereof.

If the trust were to terminate at this time, there would be a total of $361,239.03 in principal available for the payment of the aforementioned legacies which total $180,500. This would be an excess of $180,739.03 for distribution to decedent's next of kin. The only next of kin who could be living at the time of the termination of the trust are two first cousins, Martha Picot Walton, now 84 years of age, and Irene Parker Coffin, now 74 years of age. The possibility that Alvin

Mercer Parker, brother of decedent, who is now past 70 years of age, may have issue in the future, appears to be somewhat remote.

Decedent died subsequent to the effective date of the Principal and Income Act of July 3, 1947, P. L. 1283, 20 PS §3470. However, the statute does not apply to the instant case because of the discretionary power granted to the trustees in paragraph seventeenth (5) of the will above quoted. Accordingly, the allocations between principal and income must be decided in this case not by the relevant statutory provisions but by the reasonable exercise of the discretion of the trustees: Hood Trust, 7 Fiduc. Rep. 223 (1957). The prior determination to make allocations in favor of principal does not preclude the trustees from exercising their discretion to make allocations to income at this time: Sheen Estate, 65 Montg. 306 (1959); Cox Estate, 8 D. & C. 2d 63.

Therefore, the real question before the court is whether the trustees abuse their discretion in making allocations to principal rather than to income in view of the peculiar facts and circumstances of this particular case.

It is evident from a reading of decedent's entire will that his brother, Alvin Mercer Parker, was the principal object of his bounty. By making allocations to principal, the trustees are in effect depriving decedent's brother of income for the purpose of increasing the principal for the benefit of two first cousins, who are now 84 and 74 years of age respectively. If both of them predecease the surviving life tenant, there would be an escheat unto the Commonwealth.

It must be recognized that the trustees are entitled to maintain a reasonable reserve fund over and above the $180,500 required to pay all pecuniary legacies upon the termination of the trust. However, as above noted, if the trust were to terminate now, there would

be a fund of $361,239.03 available for such purpose leaving an excess of $180,739.03. In other words, the present balance of principal is approximately twice the amount necessary to pay the pecuniary legacies in full. The maintenance of any greater reserve fund is clearly not required under the circumstances. In fact, it may be that by reason of the deaths of certain of the individual remaindermen before the death of the last surviving life tenant, the amount required for the payment of the pecuniary legacies may be reduced to $107,000.

The court concludes, therefore, that it is an abuse of discretion on the part of the majority of the trustees to make allocations to principal rather than to income, where the effect of such allocations would be to deprive the life tenant, who was the principal object of testator's bounty, from current income in order to benefit certain first cousins who were not named specifically in the will but only as a class of heirs under the intestate laws, which said heirs are very advanced in years and may well predecease the life tenant, resulting in an escheat to the Commonwealth.

Of course, the court would not favor the allocation to income of stock dividends and rights and proceeds of sale if same were to result in the impairment of the intact value of the securities. However, it is amply established by the computations submitted to the court and hereby approved, that the sum of $8,409.29 may be transferred from principal to income without impairment of the intact value. To such extent, the objections of the life tenant are hereby sustained by the court and the accountants are hereby directed to transfer the said sum of $8,409.29 from principal to income at this time, and to distribute same to the life tenant in due course, with corresponding debit and credit to the principal and income balance presently before the court.